**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

**REVILLA PATRICIO JOSE CARLOS**,

    *Petitioner*,

    v.                             Case No. 2:26-cv-02855-BCL-atc

**CHRISTOPHER BULLOCK**,

    *Respondent*.

---

### ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

---

Petitioner Revilla Patricio Jose Carlos has filed a Petition for Writ of Habeas challenging his "continued detention without an individualized hearing." Doc. 2 at 2, 8. He seeks immediate release from custody. *Id.* This Court ordered a response, and further provided a window for Petitioner to file a reply to that response. Doc. 4. Petitioner has not filed a reply. For the reasons that follow, the Petition is **DENIED**.

Respondent notes without contradiction that Petitioner has already received a bond hearing post-*Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026), resulting in his detention as a danger to the community. Doc. 7 at 1-2. Petitioner did not appeal to the Board of Immigration Appeals.

As a result, the Petition is denied for three reasons, each of which is independently sufficient.

*First*, the petition is moot because Petitioner has received all the relief to which he is entitled based on his own claim: He argues that he should have received an individualized bond hearing, and he has received one. (Or, perhaps more accurately, he has provided no argument

1

supporting immediate release as a remedy.) Petitioner has offered no justification for allowing him to obtain through the remedy of habeas something more than that to which he is entitled (according to the Sixth Circuit) under the governing law—that is, the chance to make his case for release at a bond hearing.

*Second*, Petitioner has failed to exhaust administrative remedies: He has not sought reconsideration of the immigration judge's decision nor sought review before the BIA. The Supreme Court "long has acknowledged the general rule that parties exhaust prescribed administrative remedies before seeking relief from the federal courts." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992). Exhaustion gives an agency "the opportunity to correct its own mistakes with respect to the programs it administers"; "discourages disregard of the agency's procedures"; promotes efficiency because "[c]laims generally can be resolved much more quickly and economically before an agency"; and "may produce a useful record for subsequent judicial consideration." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (quotation marks and citations omitted). And the doctrine arguably helps to protect and promote the separation of powers, insofar as it leaves it to the Executive Branch to make the call in the first instance, without the Judicial Branch jumping in to dictate the results before the Executive has had an opportunity to reach a final decision on the Petitioner's claim through its own processes. *See Smith v. U.S. Sec. & Exch. Comm'n*, 178 F.4th 312, 325 (6th Cir. 2026) ("This rule is designed to afford the agency the opportunity to reconsider its position in the first instance, and to promote efficient litigation." (citing *Jones Bros., Inc. v. Sec'y of Lab.*, 898 F.3d 669, 673 (6th Cir. 2018))). Exhaustion is prudential in this context, but Petitioner has offered no argument—much less persuasive justification—for why it should be excused here.

2

*Third*, in seeking immediate release, Petitioner is effectively appealing the immigration judge's bond determination to this court. The Court lacks jurisdiction to adjudicate such an appeal. *See* 8 U.S.C. § 1226(e).

## CONCLUSION

Plaintiff's Petition for Writ of Habeas Corpus (Doc. 2) is **DENIED**.

**IT IS SO ORDERED**, this 27th day of July, 2026.

s/ *Brian C. Lea*

BRIAN C. LEA
UNITED STATES DISTRICT JUDGE